John Burgess, OSB No. 106498
johnburgess@civilrightsoregon.com
Carl Post, OSB No. 061058
carlpost@civilrightsoregon.com
SNYDER, POST AND BURGESS
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

Abby Greenfield, OSB No. 243463
abby@kedwards-law.com
LAW OFFICE OF KATHARINE EDWARDS
P.O. Box 417
Hillsboro, OR 97123
Telephone: (503) 664-0645
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN THE DISTRICT OF OREGON

| | |
|---|---|
| S.D., and J.F., individually and on behalf of all others similarly situated, | Case No. 6:25-cv-01726-CL |
| Plaintiffs, | **RESPONSE TO DEFENDANTS' MOTION FOR STAY** |
| v. | |
| MIKE REES; RYAN LEGORE; JEREMY WAGNER; MARK NOOTH; AARON REYES; JOHN DOES 1–5; and STATE OF OREGON, by and through the Oregon Department of Corrections, | |
| Defendants. | |

/ / /

/ / /

PAGE 1 – RESPONSE TO DEFENDANTS' MOTION FOR STAY

**INTRODUCTION**

Defendants ask this Court to stay discovery based solely on the filing of a Motion for Reconsideration challenging the Court's Order granting preliminary injunctive relief and preliminary class certification. The request should be denied.

Defendants seek the extraordinary remedy of a stay based on their motion asking the Court to revisit rulings it issued after full briefing, oral arguments, evidentiary submissions, and careful consideration of the parties' arguments. As explained more fully in Plaintiffs' Opposition to Defendants' Motion for Reconsideration, Defendants largely repackage arguments previously raised regarding the Court's evaluation of the evidence, preliminary class certification, and preliminary injunctive relief. Their disagreement with the Court's factual findings and legal conclusions does not justify a stay.

**LEGAL STANDARD**

A party seeking a stay bears the burden of establishing good cause. FRCP 26(c)(1) *See Wood v. McEwen*, 644 F. 2d 797, 801 (9th Cir. 1981) ("A district court may limit discovery 'for good cause'"). A stay represents an "intrusion into the ordinary processes of administration and judicial review" and therefore it is "not a matter of right, even if irreparable injury might otherwise result[.]" *Nken v. Holder*, 556 U.S. 418, 427 (2009) (quotations and citations omitted). Rather, the decision to issue a stay is "an exercise of judicial discretion . . . to be guided by sound legal principles," *Id*. at 433-34 (internal citations omitted). In exercising that discretion, courts traditionally consider four factors: (1) the stay applicant's likely success on the merits; (2) irreparable injury to the applicant absent a stay; (3) substantial injury to the other parties; and (4) the public interest.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011).

In addition, "'if there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins*., 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936)).

**ARGUMENT**

### I.    Defendants Have Not Demonstrated Good Cause for A Stay.

Defendants seek to stay discovery based on their assertion that the Court's Order "contained clear error." ECF No. 48, at 2. The same Order in which the Court not only found a likelihood of success for Plaintiff's Equal Protection Claim, but that "the facts *clearly* favor Plaintiff's position as to their claims under the Eighth Amendment . . .". ECF No. 45 at 24;15 (emphasis added). The Motion for Reconsideration attempts to relitigate arguments Defendants previously presented, or could have presented, before the Court issued its Order. Having already received a full opportunity to brief and argue those issues, Defendants cannot establish a likelihood of success on reconsideration sufficient to justify the extraordinary relief of a stay.

First, Defendants have not made a strong showing that their Motion for Reconsideration is likely to succeed on the merits. *Hilton*, 481 U.S. at 776 (1987). The Court recently considered extensive briefing and evidence before granting Plaintiffs' motion for preliminary injunctive relief and preliminary class certification. Defendants' disagreement with those rulings does not establish a likelihood that the Court will reverse itself.

Second, Defendants have not demonstrated irreparable harm. *Id.* Their motion relies on speculative assertions regarding disclosure of sensitive information concerning transgender prisoners. But the parties have already stipulated to, and the Court has entered, a Protective

Order governing confidential information in this litigation. ECF No. 53. Defendants do not explain why the protections that they previously agreed were sufficient are now inadequate.

Third, a stay would injure Plaintiffs and other class members. *Id.* Plaintiffs seek discovery relevant to class membership, the merits of their claims, and Defendants' compliance with the Court's preliminary injunction. Delaying that discovery would impede Plaintiffs' ability to monitor ongoing conduct impacting transgender prisoners and would unnecessarily prolong this litigation.

Finally, the public interest weighs against a stay. *Id.* The Court has already determined that preliminary injunctive relief is warranted. The public interest is served by the prompt and orderly adjudication of claims involving alleged constitutional violations and by ensuring compliance with the Court's existing orders.

## II.      Defendants' Privacy Concerns Are Already Addressed by The Existing Protective Order.

Defendants argue that disclosure of information regarding transgender adults in custody may implicate privacy concerns. Plaintiffs do not dispute the importance of protecting sensitive information and find that Defendant's argument is particularly unpersuasive because the parties have already stipulated to, and the Court has entered, a Protective Order governing the treatment of confidential information in this litigation.[1]

The Protective Order provides a comprehensive mechanism for protecting sensitive records from public disclosure, including the designation of materials as confidential, restrictions

---

[1] ECF No. 53, at 2. ("The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. . . .The parties expect to exchange confidential documents and information including but not limited to Plaintiffs' medical and mental health records and confidential or sensitive Oregon Department of Corrections' materials.").

on use and dissemination, and procedures for filing protected information under seal. Defendants have not identified any deficiency in those protections. Having already agreed to a Protective Order governing sensitive discovery, Defendants cannot now rely on generalized privacy concerns as a basis to suspend discovery altogether. Their request is not a request for protection—it is a request for delay.

To the extent Defendants believe additional safeguards are necessary for any particular category of documents, the appropriate remedy is to meet and confer regarding those specific materials and, if necessary, seek targeted relief from the Court. A wholesale stay of discovery is neither necessary nor proportional.

## CONCLUSION

Defendants have failed to establish good cause for the extraordinary relief they seek. Because the pending Motion for Reconsideration does not warrant suspending discovery, and because any confidentiality concerns can be addressed through existing discovery mechanisms and protective measures, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay Discovery.

Dated: June 4, 2026.

LAW OFFICE OF KATHARINE EDWARDS

/s/ Abby Greenfield
Abby Greenfield, OSB No. 243463
abby@kedwards-law.com
LAW OFFICE OF KATHARINE EDWARDS
P.O. Box 417
Hillsboro, Oregon 97123
Telephone: (503) 664-0645

John Burgess, OSB No. 106498
johnburgess@civilrightsoregon.com
Carl Post, OSB No. 061058
carlpost@civilrightsoregon.com
SNYDER, POST & BURGESS

Tel: (503) 241-3617 / Fax: (503) 241-2249
Attorneys for Plaintiff